UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

William S. Wolfson, Esq.
260 U.S. Highway 202/31
Suite 1100
Flemington, NJ 08822
908 782-9333
Attorney for Debtors

In Re:

Reginald and Naeemah Sainte-Rose, Debtors

**Order Filed on February 7, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.:     16-25152

Chapter:      13

Judge:     Christine M. Gravelle

## LOSS MITIGATION ORDER

The relief set forth on the following pages, numbered 2 and 3, is hereby **ORDERED**.

**DATED: February 7, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

☒ A Notice of Request for Loss Mitigation was filed by the debtor on ___12/28/17___ .

☐ A Notice of Request for Loss Mitigation was filed by the creditor, __M&T Bank as Servicer for__ on _____ .

☐ The court raised the issue of Loss Mitigation, and the parties having had notice and an opportunity to object, and the Court having reviewed any objections thereto.

The Request concerns the following:

Property: 777 Backhus Estate Road, Glen Gardner, NJ 08826

Creditor: M&T Bank as Servicer for Lakeview Loan Servicing, LLC

☐ It is hereby ORDERED that the Notice of Request for Loss Mitigation is denied.

☒ It is hereby ORDERED that the Notice of Request for Loss Mitigation is granted, and:

- The debtor and creditor listed above are directed to participate in Loss Mitigation and are bound by the court's *Loss Mitigation Program and Procedures* (LMP).

- The Loss Mitigation process shall terminate on _____ (90 days from the date of the entry of this order, unless extended as set forth in Section IX.B. of the LMP.

- x  The debtor must make adequate protection payments to the creditor during the Loss Mitigation Period in the amount set forth in the *Notice and Request for Loss Mitigation*. See Sections V.A.1.a and VII.B. of the LMP.

- If a relief from stay motion pursuant to section 362(d) is pending upon entry of this Order or if such a motion is filed during the loss mitigation period, the court may condition the stay upon compliance by the debtor with the fulfillment of the debtor's obligations under the Loss Mitigation Order. If the debtor fails to comply with the loss mitigation process and this Order, the creditor may apply to terminate the Order as specified in Section IX.C of the LMP and to obtain relief from the stay.

- Within 14 days of termination of the loss mitigation period, the debtor must file with the court and serve all interested parties, the Local Form, *Loss Mitigation Final Report* as set forth in Section VII.C. of the LMP.

- Extension of the LMP may be requested as specified in Section IX.B of the LMP.

☒ It is ORDERED that parties shall utilize the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall ensure that it is registered on the loss mitigation portal and that all of its initial loss mitigation document requirements are available on the portal.

- Within 35 days of the date of this order, the debtor shall upload and submit through the loss mitigation portal a completed Creditor's Initial Package.

- Within 10 business days of the debtor's submission of the Creditor's Initial Package, the creditor shall acknowledge receipt of same and designate the single point of contact for debtor's review.

☐ It is ORDERED that the debtor is excused from use of the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall designate a single point of contact, including the name and contact information of the contact and shall specify to the debtor the forms and documentation the creditor requires to initiate a review of the debtor's loss mitigation options.

- Within 21 days after receipt of the creditor's specifications regarding forms and documentation, the debtor shall provide the requested information.

- Within 10 business days of the debtor's submission, the creditor shall acknowledge receipt of the documentation.

*Revised 9/19/13*

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 16-25152-CMG
Reginald Sainte-Rose                                                Chapter 13
Naeemah Sainte-Rose
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3        User: admin              Page 1 of 1           Date Rcvd: Feb 07, 2018
                            Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 09, 2018.
db/jdb        Reginald Sainte-Rose,    Naeemah Sainte-Rose,    777 Backhus Estate Road,
               Glen Gardner, NJ 08826-2203

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 09, 2018                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 7, 2018 at the address(es) listed below:
    Albert  Russo    docs@russotrustee.com
    Denise E. Carlon    on behalf of Creditor    Lakeview Loan Servicing, LLC, c/o Cenlar FSB
     dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
    Denise E. Carlon    on behalf of Creditor    LakeView Loan Servicing, LLC dcarlon@kmllawgroup.com,
     bkgroup@kmllawgroup.com
    Rebecca Ann Solarz    on behalf of Creditor    LakeView Loan Servicing, LLC rsolarz@kmllawgroup.com
    Robert P. Saltzman    on behalf of Creditor    Lakeview Loan Servicing, LLC, c/o Cenlar FSB
     dnj@pbslaw.org
    William S. Wolfson    on behalf of Debtor Reginald  Sainte-Rose wwolfsonlaw@comcast.net,
     liza.wwolfsonlaw@comcast.net
    William S. Wolfson    on behalf of Joint Debtor Naeemah  Sainte-Rose wwolfsonlaw@comcast.net,
     liza.wwolfsonlaw@comcast.net
                                                                                                TOTAL: 7