UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

William S. Wolfson, Esq.
260 U.S. Highway 202/31
Suite 1100
Flemington, NJ 08822
(908) 782-9333
wwolfsonlaw@comcast.net
Attorney for Debtors, Reginald and Naeemah
Sainte-Rose

**Order Filed on March 2, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Reginald and Naeemah Sainte-Rose, Debtors

| | |
|---|---|
| Case No.: | 16-25152 |
| Chapter: | 13 |
| Judge: | Christine M. Gravelle |

## ORDER ON MOTION FOR AUTHORIZATION
## TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
## (CHAPTER 13)

The relief set forth on the following page is **ORDERED**.

**DATED: March 2, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on ___February 14, 2022_____, as to the __first_____ mortgage *[enter first, second, third, etc.]* concerning real property located at ___777 Backhus Estate Road, Lebanon, NJ 08833_____, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒      The debtor is authorized to enter into the final loan modification agreement.

1)      The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2)      Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3)      Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4)      Check one:

☐There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☒Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on __May 10, 2019_____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☐Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5)      If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

2

United States Bankruptcy Court

District of New Jersey

In re:                                                                          Case No. 16-25152-CMG

Reginald Sainte-Rose                                                            Chapter 13

Naeemah Sainte-Rose

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3                      User: admin                        Page 1 of 2

Date Rcvd: Mar 02, 2022                   Form ID: pdf903                     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 04, 2022:**

| Recip ID | Recipient Name and Address |
| --- | --- |
| db/jdb | Reginald Sainte-Rose, Naeemah Sainte-Rose, 777 Backhus Estate Road, Glen Gardner, NJ 08826-2203 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 04, 2022                    Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 2, 2022 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Albert Russo | docs@russotrustee.com |
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Brian C. Nicholas | on behalf of Creditor LakeView Loan Servicing  LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor LakeView Loan Servicing  LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor Lakeview Loan Servicing  LLC, c/o Cenlar FSB dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| John R. Morton, Jr. | on behalf of Creditor Nissan Motor Acceptance Corporation ecfmail@mortoncraig.com  mortoncraigecf@gmail.com |
| John R. Morton, Jr. | on behalf of Creditor Ally Financial ecfmail@mortoncraig.com  mortoncraigecf@gmail.com |

District/off: 0312-3                          User: admin                                    Page 2 of 2
Date Rcvd: Mar 02, 2022                   Form ID: pdf903                          Total Noticed: 1

Kevin Gordon McDonald

on behalf of Creditor LakeView Loan Servicing  LLC kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com

Rebecca Ann Solarz

on behalf of Creditor LakeView Loan Servicing  LLC rsolarz@kmllawgroup.com

Robert P. Saltzman

on behalf of Creditor Lakeview Loan Servicing  LLC, c/o Cenlar FSB dnj@pbslaw.org

William S. Wolfson

on behalf of Debtor Reginald Sainte-Rose wwolfsonlaw@comcast.net  liza.wwolfsonlaw@comcast.net

William S. Wolfson

on behalf of Joint Debtor Naeemah Sainte-Rose wwolfsonlaw@comcast.net  liza.wwolfsonlaw@comcast.net


TOTAL: 12