| UNITED STATES BANKRUPTCY COURT |
| District of New Jersey |

Albert Russo
Po Box 4853
Trenton, NJ  08650-4853
(609) 587-6888
Standing Chapter 13 Trustee

Order Filed on May 5, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Reginald Sainte-Rose
Naeemah Sainte-Rose

Debtor(s)

Case No.: 16-25152 / CMG

Hearing Date:  05/04/2022

Judge: Christine M. Gravelle

Chapter: 13

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: May 5, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 03/29/2022, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 84 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$68,787.17 PAID TO DATE

$914.00 for 16 months beginning 5/1/2022

**ORDERED** that the case is confirmed with a calculated plan funding of $83,411.17. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that student loans are to be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

The Plan length is extended to a total of 84 months pursuant to the Cares Act.

Debtors to provide status update to the Trustee regarding changes in income or employment status within six (6) months of Modified Plan Confirmation.

Remaining terms of prior Modified Plan Confirmation apply.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 16-25152-CMG |
| Reginald Sainte-Rose | Chapter 13 |
| Naeemah Sainte-Rose | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: May 05, 2022 | Form ID: pdf903 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 07, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | Reginald Sainte-Rose, Naeemah Sainte-Rose, 777 Backhus Estate Road, Glen Gardner, NJ 08826-2203 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 07, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 5, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Brian C. Nicholas | on behalf of Creditor LakeView Loan Servicing LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor LakeView Loan Servicing LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor Lakeview Loan Servicing LLC, c/o Cenlar FSB dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| John R. Morton, Jr. | on behalf of Creditor Nissan Motor Acceptance Corporation ecfmail@mortoncraig.com  mortoncraigecf@gmail.com |
| John R. Morton, Jr. | on behalf of Creditor Ally Financial ecfmail@mortoncraig.com  mortoncraigecf@gmail.com |
| Kevin Gordon McDonald | |

District/off: 0312-3 | User: admin | Page 2 of 2

Date Rcvd: May 05, 2022 | Form ID: pdf903 | Total Noticed: 1

on behalf of Creditor LakeView Loan Servicing LLC kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com

Rebecca Ann Solarz

on behalf of Creditor LakeView Loan Servicing LLC rsolarz@kmllawgroup.com

Robert P. Saltzman

on behalf of Creditor Lakeview Loan Servicing LLC, c/o Cenlar FSB dnj@pbslaw.org

William S. Wolfson

on behalf of Debtor Reginald Sainte-Rose wwolfsonlaw@comcast.net liza.wwolfsonlaw@comcast.net

William S. Wolfson

on behalf of Joint Debtor Naeemah Sainte-Rose wwolfsonlaw@comcast.net liza.wwolfsonlaw@comcast.net

TOTAL: 12